**SO ORDERED.**

**SIGNED this 06 day of June, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| GEORGE GERVIN & JOYCE GERVINI | 98-52186-C |
| *DEBTOR S* | CHAPTER 7 |
| JOYCE GERVIN | |
| *PLAINTIFF* | |
| v. | ADV. NO. 04-5138-C |
| CADLES OF GRASSY MEADOWS II, LLC | |
| *DEFENDANT* | |

**ORDER ON MOTION FOR APPROVAL OF SUPERSEDEAS BOND**

CAME ON for consideration the foregoing matter. Defendant seeks approval of a supersedeas bond, to be issued by the Ohio Casualty Insurance Company, in the form and amount as reflected in an exhibit to its motion. Plaintiff responds that the proposed amount of the bond is insufficient. The court does not approve the supersedeas bond in its current form.

In this case, the court entered a judgment in favor of plaintiff as follows: $25,000, plus costs

of court; removal of the judgment lien on Joyce Gervin's 25% partnership interest in the 401 Group Ltd. Partnership; a determination that Joyce Gervin has no legal obligation to pay defendant, its predecessors or successors in interest, or any assignor or assignee thereof any part of the February 27, 1989 judgment in *TCAP Corp. v. George Gervin*, Cause No. 219-164086, in the 219th Judicial District Court for Collin County, Texas; a determination that Joyce Gervin's aforementioned partnership interest is not subject to the Order Charging Partnership Interest filed in Cause No. 96-2011938-1, Pierce County Superior Court, State of Washington; an injunction against any collection activity by defendant against plaintiff; a judgment of contempt; an award of $18,190 in attorneys' fees from defendant to plaintiff, for the trial and preparation of the case; an award of $15,000 for post-trial collection and enforcement costs; and conditional awards in the event of an appeal, consisting of $25,000 in the event of an appeal to the district court, $15,000 in the event of an appeal to the circuit, and $20,000 in the event of an appeal to the U.S. Supreme Court.[1]

Rule 7062 states that a stay of enforcement may be had upon the appellant (here, the defendant) giving a supersedeas bond. FED.R.BANKR.P. 7062 (incorporating Rule 62 of the federal rules of civil procedure). The stay is effective as to the enforcement of a monetary judgment when the bond is approved by the court. FED.R.CIV.P. 62(d). Rule 62(c) (incorporated by Rule 7062 of the bankruptcy rules) accords the court discretion with regard to the handling of any injunctive relief that may have been entered as part of the judgment, "upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." FED.R.CIV.P. 62(c). Rule 8005 of the Federal Rules of Bankruptcy Procedure also controls with regard to the approval of a supersedeas bond or other form of relief pending appeal. FED.R.BANKR. P. 8005. The case law construing Rule 8005 makes it clear that the bankruptcy court has the discretion to tailor the terms

---

[1] The foregoing is intended to be descriptive only, and does not in any way alter the terms of the judgment itself.

of any stay pending appeal, given that judgments rendered in bankruptcy cases are often not limited to simple monetary awards. *See In re Gleasman*, 111 B.R. 595, 599 (Bankr. W.D.Tex. 1990).

There are two issues presented with the proposed motion for approval of a supersedeas bond in this case. The first has to do with the extent of the stay, given that the judgment consists of multiple forms of relief. The second has to do with the form and amount of the bond.

With regard to the first issue, the court rules that the declaratory and injunctive relief in the judgment, set out in the lengthy paragraph on the second page of that judgment, is not stayed pending the appeal of this matter, either by the posting of a supersedeas bond or by anything else. That relief stands, fully enforceable, unless and until an appellate tribunal rules with finality and no further appeal is taken. The reason for this should be clear – at issue in the trial below was a determination of Joyce Gervin's property interest, and whether her interests were properly protected by her bankruptcy discharge. The court, in ruling in her favor, simply insulated her property from collection action by Cadles, and vindicated her rights to enjoy the benefit of her bankruptcy discharge which she had received years ago. The court will hardly first rule in her favor, then permit the defendant, by the simple expedient of posting a bond, to then pursue the very course of conduct which the court had earlier ruled to be contempt. Were the court to do so, it might just as well reverse its own judgment (which the court is hardly inclined to do). The defendant will have to prevail with finality on appeal before it will be permitted to pursue a course of conduct which this court found to be wrongful.

The supersedeas bond to be posted may stay the enforcement of the affirmative monetary awards in the judgment – the contempt award of $25,000 and the related attorneys' fees of $18,190, the costs of collection of $15,000, plus costs of court and post-judgment interest at the applicable federal judgment rate of 4.6% running from the date of entry of the judgment.

However, there is a problem with the proposed supersedeas bond. First the judgment rendered includes conditional awards in the event of an appeal. The amount of the bond the defendant proposes to post does not include any of these conditional awards. Second, the judgment awards post-judgment interest until paid. The bond purports to limit interest to six months. Third, this being a federal matter, a party could pursue an appeal to the Supreme Court of the United States. The bond lapses after an appeal through the circuit level. As such, the bond is inadequate.

The Fifth Circuit has said that "a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). That privilege, to be earned, must be fully compensatory of the costs incurred by the plaintiff as a result of having to defend her judgment on appeal, including the costs of hiring a lawyer to brief and argue the matter to appellate courts. Should the plaintiff ultimately prevail, it should not be forced to then pursue new collection activity years later against the defendant – the purpose of the supersedeas is to spare the prevailing party at trial from precisely that risk, cost and delay. *See id.*; *see also In re Texas Equipment Co., Inc.*, 283 B.R. 222 229 (Bankr. N.D.Tex. 2002). Because the underlying judgment in this case contained conditional awards of additional attorneys' fees in the event of an appeal, the supersedeas bond must be in an amount sufficient to cover those additional awards.

The supersedeas bond proposed by the defendant is not sufficient in amount. The amount must be increased to include the conditional awards for the appeal to the district court, any appeal to the circuit court, and any appeal to the U.S. Supreme Court. Further, the bond must cover costs of court (which it does not). Further, the bond must cover accruing interest for so long as the appeal process takes. Further, the bond must remain in effect for so long as the defendant is pursuing appeal, through all the appellate levels available – including the Supreme Court of the United States.

The motion as currently presented, and the form and amount of the bond as currently submitted, cannot be approved.  The motion is denied, without prejudice to the presentation of a supersedeas bond consistent with the terms of this order.

# # #